**EMPIRE DISTRIBUTORS OF NORTH CAROLINA, INC., Plaintiff,**

v.

**SCHIEFFELIN & CO., Defendant.**

**No. C–C–86–389–P.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

Feb. 3, 1987.

Dennis L. Guthrie, Murchison, Guthrie & Davis, Charlotte, N.C., for plaintiff.

Armistead J. Maupin, M. Keith Kapp, Maupin, Taylor, Ellis & Adams, P.A., Raleigh, N.C., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on the Motion of Defendant to Strike Certain Affidavits and on the Motion of Plaintiff for Partial Summary Judgment in its favor as to whether Defendant has the right of prior consent to a transfer of business under N.C. Gen.Stat. §§ 18B–1200 *et seq.*

Plaintiff in its above Motion for Partial Summary Judgment relies in part on the affidavits of Martin L. Nesbitt, Dennis J. Winner, and E. Ted Linn. Mr. Nesbitt and Mr. Winner are both members of the General Assembly of North Carolina, and Mr. Linn has been president of the North Carolina Wine Association.

Defendant contends that these affidavits are inadmissible and cannot be relied upon to prove legislative intent or purpose in enacting a statute. North Carolina law so provides. See *Milk Commission v. Food Stores*, 270 N.C. 323, 154 S.E.2d 548 (1967); *D & W, Inc. v. Charlotte*, 268 N.C. 577, 151 S.E.2d 241 (1966).

The Court is, therefore, of the opinion that Defendant's Motion to strike these three affidavits should be GRANTED.

In its Motion for Partial Summary Judgment, Plaintiff contends that as a matter of law Defendant is not entitled to the right of prior consent to a transfer of business under N.C.Gen.Stat. §§ 18B–1200 *et seq.* The specific provision of the North Carolina Wine Distribution Agreement Act in issue is § 18B–1206(a):

(a) No winery may unreasonably withhold or delay consent to any transfer of the wholesaler's business or transfer of the stock or other interest in the wholesaleship whenever the wholesaler to be substituted meets the material and reasonable qualifications and standards required of the winery's wholesalers.

In interpreting § 18B–1206(a) it is instructive to look at the first sentence of § 18B–1206(b):

(b) Notwithstanding subsection (a), no winery may withhold consent to, or in any manner retain a right of prior approval of, the transfer of the wholesaler's business to a member or members of the family of the wholesaler.

Subsection (b) distinguishes a transfer of the wholesaler's business to a family member from a transfer of the business to a non-family member. Subsection (b) specifically states that no right of prior approval by the winery exists where the transfer occurs within the family. By necessary implication, subsection (b) limits a right which subsection (a) grants, specifically, the right of prior consent.

Subsection (a) implies that a winery may withhold or delay its consent to a transfer of the wholesaler's business if the wholesaler to be substituted does not meet the material and reasonable qualifications and standards required. In other words, when there is a transfer of the wholesaler's business to a non-family member who does not meet the material and reasonable qualifications and standards required of the winery's wholesalers, the winery can withhold or delay its consent. The effect of the winery's refusal to consent is that the winery does not have to deal with the new wholesaler. Thus, in the situation described above, the winery does have a right of prior consent because without this right,

the withholding of consent would be meaningless.

The check on the winery is that the qualifications and standards that the winery requires of its wholesalers must be material and reasonable and the winery may not unreasonably withhold or delay its consent. In other words, the winery can in no way arbitrarily withhold its consent to dealing with the new wholesaler. The purposes of the Act are thus accomplished by protecting wholesalers from arbitrary action by wineries concerning the transfer of a wholesaler's business.

This reading of § 18B–1206(a) comports with the meaning and purpose of the North Carolina Wine Distribution Agreement Act as a whole and does not conflict with any other statutory provision of the Act.

The Court is, therefore, of the opinion that under the circumstances described above a winery may have a right of prior consent to the transfer of a wholesaler's business and therefore the Plaintiff's Motion for Partial Summary Judgment in its favor should be DENIED.

NOW, THEREFORE, IT IS ORDERED that:

(1) Defendant's Motion to Strike the Affidavits of Mr. Nesbitt, Mr. Winner, and Mr. Linn is GRANTED; and

(2) Plaintiff's Motion for Partial Summary Judgment in its favor on the issue of prior consent is DENIED.