EMPIRE DISTRIBUTORS OF NORTH CAROLINA, INC., PETITIONER-APPELLANT v. NORTH CAROLINA ALCOHOLIC BEVERAGE CONTROL COMMISSION, RESPONDENT-APPELLEE, AND FETZER VINEYARDS, INC., RESPONDENT-INTERVENOR-APPELLEE

No. 8610SC1179

(Filed 5 May 1987)

**Intoxicating Liquor § 2— contract dispute involving distribution rights—jurisdiction of ABC Commission**

The trial court erred in determining that the ABC Commission did not have subject matter jurisdiction over a contract dispute involving distribution rights for respondent's wine. N.C.G.S. § 18B-1205(d).

APPEAL by petitioner from *McLelland, Judge*. Order entered 17 July 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 7 April 1987.

In February 1985, appellant, Empire Distributors of North Carolina, Inc. (hereinafter referred to as Empire), petitioned the

North Carolina Alcoholic Beverage Control Commission (hereinafter referred to as the ABC Commission) for a hearing alleging that Fetzer Vineyards, Inc. (hereinafter referred to as Fetzer) violated Article 12 of Chapter 18B of the North Carolina General Statutes. Fetzer had refused to appoint Empire as its distributor after C & G Sales, Inc., sold its business, which included its contract rights with suppliers, to Empire. A hearing was held and the Commission ordered that the charges against Fetzer be dismissed.

On 30 July 1985, Empire appealed the Commission's decision to the Wake County Superior Court. The trial court ordered that Empire's petition for judicial review be dismissed because the ABC Commission did not have subject matter jurisdiction. From this order, petitioner appeals.

*Murchison, Guthrie & Davis, by Dennis L. Guthrie; and Bauer, Deitch & Raines, by Gilbert H. Deitch, for petitioner-appellant.*

*David S. Crump for respondent-appellee.*

*Maupin, Taylor, Ellis & Adams, by Armistead J. Maupin, Charles B. Neely, Jr. and M. Keith Kapp, for respondent-intervenor-appellee.*

ARNOLD, Judge.

Petitioner contends that the trial court erred in dismissing its action by holding that the ABC Commission lacked jurisdiction over the subject matter in this case.

In its petition filed with the ABC Commission, Empire asked for the following relief.

1. For a hearing on Fetzer Vineyards, Inc. appointment of Prestige Wines, Inc. as its representative in the Charlotte-Mecklenburg marketing area and its termination of the statutory granted wholesale distribution agreement with Empire.

2. For official notification from the North Carolina Alcoholic Beverage Control Commission to Fetzer Vineyards, Inc. notifying it that pursuant to § 18B-1200 et seq. the distribution agreement between Fetzer Vineyards, Inc. and

Empire shall continue in effect pending the Commission's decision and any judicial review.

3. For a Pre-Hearing conference pursuant to Title 4, Subchapter 2R, Section .0810 of the North Carolina Alcoholic Beverage Control Commission Rules.

G.S. 18B-1205(d) states:

Upon receiving a written request from the winery or wholesaler for a hearing, the Commission shall, after notice and hearing, determine if the wholesaler has rectified the conditions or if good cause exists for the amendment, termination, cancellation, or nonrenewal of the agreement, as appropriate.

This statute expressly gives authority to the ABC Commission to conduct a hearing on the contract dispute presently before this Court.

The statute also directly spells out what the status of a contract shall be while under review by both the agency and the judiciary. G.S. 18B-1205(d) states:

In any case in which a petition is made to the Commission for such a determination, the agreement in question shall continue in effect, pending the Commission's decision and any judicial review thereof.

Petitioner asked only for what the statute allows and in fact used the exact wording of G.S. 18B-1205(d) when requesting for the contract to remain in effect until final review. Empire's petition was incorrectly dismissed by the trial court.

This case is remanded to the trial court for judicial review pursuant to G.S. 150A.

Reversed and remanded.

Judges WELLS and MARTIN concur.