**EMPIRE DISTRIBUTORS OF NORTH CAROLINA, INC., Plaintiff–Appellant,**

v.

**SCHIEFFELIN & CO., Defendant–Appellee,**

**The Wine Institute, Amicus Curiae.**

No. 88–3034.

United States Court of Appeals, Fourth Circuit.

Argued July 12, 1988.

Decided Oct. 20, 1988.

Gilbert Howard Deitch (Bauer, Deitch & Raines, P.C., Atlanta, Ga., Dennis L. Guthrie, Murchison, Guthrie, Davis & Henderson, Charlotte, N.C., on brief) for plaintiff-appellant.

Michael Keith Kapp (Armistead J. Maupin, Timothy S. Riordan, Maupin, Taylor, Ellis & Adams, P.A., Raleigh, N.C., on brief), for defendant-appellee.

Arnold M. Lerman, Bruce M. Berman, Wilmer, Cutler & Pickering, Washington, D.C., on brief, for amicus curiae The Wine Institute.

Before CHAPMAN, WILKINSON and WILKINS, Circuit Judges.

WILKINS, Circuit Judge:

Empire Distributors of North Carolina, Inc., a wine wholesaler, brought this action against Schieffelin & Co., a winery, pursuant to the North Carolina Wine Distribution Agreements Act, N.C.Gen.Stat. §§ 18B–1200, *et seq.* (1983) (Act). Empire sought to enforce a wine wholesale distribution agreement between Schieffelin and another wine wholesaler, C & G Sales, which had been transferred to Empire without Schieffelin's prior consent. The district court found that Empire lacked standing to bring this action under the Act and granted summary judgment in favor of Schieffelin. We affirm.

I.

A brief description of the policies and pertinent provisions of the Wine Distribution Agreements Act is necessary for a clear understanding of the facts and issue presented here.

The Act, ratified in March 1983, regulates business relations between wineries and wine wholesalers in North Carolina "govern[ing] all wine wholesalerships, including any renewals or amendments." N.C.Gen.Stat. § 18B–1200(b)(4). The enumerated purposes and policies of the Act are to: (1) "promote the compelling interest of the public in fair business relations between wine wholesalers and wineries, and in the continuation of wine wholesalerships on a fair basis"; (2) "protect wine wholesalers against unfair treatment by wineries"; and (3) "provide wine wholesalers with rights and remedies in addition to those existing by contract or common law." N.C. Gen.Stat. § 18B–1200(b).

To effectuate these purposes, the Act specifically provides that regardless of any contractual terms to the contrary, a winery may not amend, cancel, terminate, or refuse to renew a wholesale agreement without good cause. N.C.Gen.Stat. § 18B–1204. Further, "[n]o winery may unreasonably withhold or delay consent to any transfer of the wholesaler's business or transfer of the stock or other interest in the wholesalership whenever the wholesaler to be substituted meets the material and reasonable qualifications and standards required of the winery's wholesalers." N.C. Gen.Stat. § 18B–1206(a). The Act provides administrative procedures for resolution of contract disputes, N.C.Gen.Stat. § 18B–1205, and judicial remedies for violations of the Act, N.C.Gen.Stat. § 18B–1207. Administrative penalties are also available

for violations of the Act. N.C.Gen.Stat. § 18B–104 (1983).

## II.

Schieffelin, a New York-based Delaware corporation, produces and imports wine for distribution in interstate and foreign commerce. From July 1981 to December 1984 C & G Sales, a North Carolina wine wholesaler, distributed Schieffelin products in an eight-county area surrounding Charlotte, North Carolina, pursuant to a written distribution agreement with Schieffelin. In December 1984 Schieffelin was notified that Empire, a Georgia corporation doing business in North Carolina, had acquired assets of C & G Sales, including its rights under the distribution agreement with Schieffelin. Both C & G Sales and Empire unilaterally informed Schieffelin that Empire would be substituted as Schieffelin's distributor. Schieffelin refused to accept Empire as a substitute, and immediately terminated the distribution agreement with C & G Sales and cancelled its outstanding orders.

Empire and Schieffelin then instituted proceedings with the North Carolina Alcoholic Beverage Control Commission (Commission). Schieffelin sought permission to appoint a new distributor in the area and Empire filed a petition alleging that Schieffelin had violated the Act. Empire also filed this subsequently removed action in state court for violation of the Act, seeking a mandatory injunction compelling Schieffelin to make shipments to Empire.

The Commission denied Schieffelin permission to appoint a new distributor and ordered Schieffelin to resume shipments to Empire as substitute for C & G Sales pending consideration of the petition filed by Empire. *See* N.C.Gen.Stat. § 18B–1205(d); *Empire Distributors of North Carolina, Inc. v. North Carolina Alcoholic Beverage Control Commission*, 85 N.C.App. 528, 355 S.E.2d 524 (1987) (In an unrelated case, the Court of Appeals of North Carolina held that a distribution agreement must remain in effect pending administrative and judicial review of a contract dispute under the Act.). Although Schieffelin asserted that Empire had no standing to bring the petition, it complied with the order.

After extensive proceedings, a Commission hearing officer recommended that Schieffelin's nonresident wine vendor permit be revoked. On review, the Commission found that Empire had standing and that Schieffelin had violated the Act by terminating the distribution agreement without good cause. Instead of revoking Schieffelin's permit, however, the Commission ordered that the permit be suspended for 30 days; the suspension has been stayed pending appeal of the Commission order in state court. To this court's knowledge that appeal is still pending.

Meanwhile, on the basis of diversity of citizenship, Schieffelin removed this action to federal court and answered, alleging in part that Empire was estopped from proceeding under the Act because neither Empire nor C & G Sales had requested consent from Schieffelin prior to the purported transfer. Empire moved for partial summary judgment on the ground that Schieffelin had no right of prior consent. The district court denied the motion, finding that section 18B–1206(a) implicitly gave Schieffelin a right of prior consent to transfer of the C & G Sales wholesale distribution agreement to Empire. *Empire Distributors of North Carolina, Inc. v. Schieffelin & Co.*, 679 F.Supp. 541 (W.D.N.C.1987) (*Empire Distributors I*).

Schieffelin then moved for summary judgment on the ground that Empire lacked standing under the Act to bring this action because Empire did not have an existing agreement with Schieffelin. The district court granted summary judgment to Schieffelin, finding that the North Carolina legislature did not intend to extend a right of action to proposed transferees of wine wholesalerships against wineries which withhold consent to transfers. *Empire Distributors of North Carolina, Inc. v. Schieffelin & Co.*, 677 F.Supp. 847 (W.D.N.C.1988) (*Empire Distributors II*.)[1]

1. Another district court has held that a prospective transferee does have standing to sue a win-

## III.

Judicial remedies are provided in section 18B–1207 of the Act:

(a) If a winery violates any provision of [the Act], a wholesaler may maintain a suit against the winery. The court may grant injunctive and other appropriate relief, including damages to compensate the wholesaler for the value of the agreement and any good will, to remedy violations of [the Act].

(b) Any winery that amends, cancels, terminates, or refuses to renew any wine agreement, or causes a wholesaler to resign from an agreement shall compensate the wine wholesaler for the wine wholesaler's wine inventory.

N.C.Gen.Stat. § 18B–1207. There is no dispute that Schieffelin is a winery. It holds a nonresident wine vendor permit issued by the Commission and sells at least 1,000 cases of wine per year in North Carolina. N.C.Gen.Stat. § 18B–1201(4). It is equally clear that Empire is a wine wholesaler by virtue of holding a permit for the wholesale distribution of wine and beer. N.C.Gen. Stat. § 18B–1201(3). Thus, read in isolation, section 18B–1207 lends some support to Empire's position that the statute gives it the right to bring this action against Schieffelin. However, when read in its entirety, clearly the North Carolina legislature did not intend to grant a right of action against a winery to a wholesaler seeking to buy rights under a winery's existing distribution agreement with another wholesaler.

As framed by the district court this diversity case presents the novel issue of "whether a wholesaler who does not have any prior relationship with a winery can sue that winery under the Act when the winery refuses to accept that wholesaler as the transferee of the business of a wine wholesaler who did have an existing relationship with the winery." *Empire Distributors II*, 677 F.Supp. at 858. Since

neither the North Carolina Supreme Court nor any other state intermediate appellate or trial court has previously addressed this important and difficult issue, it would ordinarily be a proper question for certification to the highest state court. However, since North Carolina does not have a certification procedure, we must attempt to predict how that court would resolve the issue presented. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Wilson v. Ford Motor Co.*, 656 F.2d 960 (4th Cir.1981).

On the sound reasoning of the district court, we hold that the Act does not grant standing to a prospective transferee wholesaler, such as Empire, to challenge the refusal of a winery to consent to the transfer. *Empire Distributors II*, 677 F.Supp. at 858–861. Our reading of the Act as a whole, with special emphasis on its enumerated purposes set forth in section 18B–1200, convinces us, as it did the district court, that section 18B–1206 is intended to protect wholesalers with existing wholesale distribution agreements with wineries, not prospective transferees of those agreements. For example, with only one exception,[2] the Act only addresses existing relationships between a winery and its wholesaler, and the remedies provided for in section 18B–1207 only implicate compensation to a wholesaler with a current distribution agreement.

If a winery unreasonably withholds its consent to a transfer of its wholesaler's distribution agreement, the Act authorizes the transferor wine wholesaler, not a prospective transferee, to institute an action against the winery. C & G Sales, not Empire, would be the proper party to challenge Schieffelin's allegedly unreasonable refusal to approve the transfer of its distribution agreement. Although it appears that C & G Sales has dissolved since the transfer, Empire still had no standing to bring this action. Section 18B–1206 implic-

---

ery for withholding consent to transfer. *Collins Wholesale Distributing Co. v. E. & J. Gallo Winery,* 678 F.Supp. 593 (W.D.N.C.1987), *appeal pending,* No. 88-8104 (4th Cir.).

**2.** N.C.Gen.Stat. §§ 18B–1202(4) and 18B–1215 prohibit unlawful discrimination in the awarding or maintaining of distribution agreements. Of course, these sections are inapplicable to these facts.

itly grants a winery a right of prior consent to the transfer of its distribution agreement. *Empire Distributors I,* 679 F.Supp. at 542. The proper procedure would have been for C & G Sales to seek Schieffelin's consent, and then pursue its remedies under the Act if consent were unreasonably withheld. C & G Sales cannot transfer the distribution agreement to Empire without seeking consent from Schieffelin, and then force Schieffelin to either accept Empire as a substitute or defend this action initiated by Empire.

AFFIRMED.