560 So.2d 281 (1990)
Robert M. GANS, Appellant,
v.
MILLER BREWING CO., a Wisconsin Corp., Huber Distributing Co., a Florida Corp., and Douglas H. Kerr, Appellees.
No. 88-2803.
District Court of Appeal of Florida, Fourth District.
April 18, 1990.
Certification Denied May 18, 1990.
S. Grier Wells and W. Scott Cole of Brant, Moore, Sapp, MacDonald & Wells, P.A., Jacksonville, for appellant.
Michael Jeffries and Robert Lloyd of Neill, Griffin, Jeffries and Lloyd, Cht'd, Ft. Pierce, and Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., West Palm Beach, for appellees-Huber Distributing Co., and Douglas H. Kerr.
Douglas L. Wald of Arnold & Porter, Washington, D.C., and Robert J. Gorman of Brennan, Hayskar, Jefferson & Gorman, P.A., Ft. Pierce, for appellee-Miller Brewing Co.
DOWNEY, Judge.
By an amended notice of appeal appellant, Robert M. Gans, seeks review of a final order of the trial court, dated September 7, 1988, dismissing his amended complaint against Miller Brewing Company, a Wisconsin corporation. Gans also seeks review of a non-final order, dated September 7, 1988, which granted a motion to dismiss the counts of his amended complaint against Huber Distributing Co. and Douglas H. Kerr. This court previously dismissed the appeal of the non-final order for lack of jurisdiction, it being a nonappealable order. Thus, we have for review only the plenary appeal against Miller Brewing Company.
It appears that Gans and Kerr entered into negotiations for Gans to purchase Huber Distributing Company, a beer distributorship owned by Kerr. Eventually, the *282 parties arrived at an agreement that was to be set forth in a written contract. Among other things, said contract was to contain a provision that the sale was subject to the approval of Miller Brewing Company because Miller had a written distributor contract with Huber Distributing Company that gave Miller the right to approve any sale of the company. Miller's consent was never obtained and a written contract never came to fruition. When Huber and Kerr refused to sell, Gans commenced this suit by a multi-count complaint, Count III of which alleged that Miller's refusal to approve the sale of Huber Distributing Company violated section 563.022 of the 1987 Florida beer distributor relations law. The error assigned on this appeal is restricted to Count III of Gans's amended complaint.
The main issue presented is whether section 563.022 authorizes a prospective purchaser of a beer distributorship to sue a brewer who exercises a pre-existing written contractual right to refuse to approve a sale to the prospective purchaser. We hold that the trial court was correct in concluding that section 563.022 does not give standing to a disappointed purchaser in the face of such a contractual right.
Since Gans's claim against Miller, alleged in Count III of the amended complaint, is for violation of section 563.022, Florida Statutes (1987), we must look to the legislative act for guidance as to its purpose. The title of section 563.022 is "Relations between beer distributors and manufacturers." Among other things, that section provides in section (1)(a), under the heading "Legislative Findings and Intent," that "regulation of business relations between beer distributors and manufacturers is necessary and appropriate in the public interest." Violations of the rights set forth in subsection (5)(b)(8), i.e., the right to sell, may subject the manufacturer to the provisions of section (17)(a), which the legislature amended in 1987[1] to provide that any manufacturer who, without good cause, lawfully denies approval of, or unreasonably withholds consent to, the sale of a distributorship shall pay such distributor with whom it has a written contract reasonable compensation for the diminished value of the distributor's business or of any ancillary business that has been negatively affected by the act of the manufacturer. There is no remedy provided therein for claims of prospective purchasers or others arising out of a manufacturer's refusal to approve the sale of a distributorship, and no mention is made of any remedy for strangers to the manufacturer/distributor relationship, which brings into play the rule of statutory construction "Expressio unius est exclusio alterius." Thus, a close reading of section 563.022 compels the conclusion that said section pertains to the relationship and activities of beer manufacturers and distributors inter se and not to activities between either of them and third parties. Furthermore, the remedies section of the statute was also amended in 1987 to provide, in subsection (18)(g), that the remedies provided in the statute were in addition to any other remedies provided by law or equity. In 1988, subsection (18)(g) was further amended to clarify the remedies section of the statute by adding:
Nothing contained in this subsection shall give rise to or foreclose any claim which would otherwise exist against the manufacturer or distributor by any proposed purchaser of the distributor's business. [Emphasis added].
That amendment and the Reviser's Note  1987, section 563.022, found in the 1990 supplement to Florida Statutes Annotated, make it quite clear that the legislature did not intend any of these amendments to apply to or affect written contracts in existence prior thereto.
This historical review of the pertinent section of the statute demonstrates that no rights are afforded prospective purchasers under this statutory scheme. While the statute clearly does not preclude or affect any other existing remedies that such purchaser or other person would have, it also does not give such person any new or additional rights or causes of action. We therefore conclude that, while Gans may have *283 other causes of action against Miller[2], section 563.022, upon which he based his claim here, affords him no relief.
Our construction of this statute as not affording relief to prospective purchasers finds support in other jurisdictions having similar statutes.
In Empire Distributors of North Carolina, Inc. v. Schieffelin & Co., 859 F.2d 1200, 1203 (4th Cir.1988), a prospective purchaser of a wine wholesaler sued a wine manufacturer for refusing to consent to the sale. The United States Court of Appeals for the Fourth Circuit ruled that prospective purchasers have no standing to sue under North Carolina's distributor relations statute. In short, under facts substantially similar to the facts of this case, the Court of Appeals unequivocally ruled:
If a winery unreasonably withholds its consent to a transfer of its wholesaler's distribution agreement, the Act authorizes the transferor wine wholesaler, not a prospective transferee, to institute an action against the winery. [Emphasis added.]
In another similar case the Massachusetts Supreme Court held in Beard Motors, Inc. v. Toyota Motor Distributors Inc., 395 Mass. 428, 480 N.E.2d 303, 304 (1985):
In this case, we hold that a prospective purchaser of a motor vehicle dealership does not have standing under [the Massachusetts statute] to bring an action against a motor vehicle distributor who unreasonably withholds consent to the transfer of the prospective seller's franchise in violation of [the Massachusetts statute].
Finally, a similar result is to be found in Olivieri v. McDonald's Corp., 678 F. Supp. 996 (E.D.N.Y. 1988).
We further hold that, even if Gans's arguments in favor of standing to sue under this statute were correct, this suit would violate the contract clause of the Florida Constitution, Article I, § 10. The written contract in question predated the enactment of section 563.022 and said contract gave Miller the right to approve any sale of the Huber distributorship. As the court stated in Park Benziger & Co. v. Southern Wine and Spirits, Inc., 391 So.2d 681 (Fla. 1980), and Yamaha Parts Distributors, Inc. v. Ehrman, 316 So.2d 557 (Fla. 1975), virtually no degree of contract impairment has been tolerated in this state. See also Jacobsen v. Anheuser-Busch, Inc., 392 N.W.2d 868 (Minn. 1986).
In view of the foregoing, it appears that the trial court ruling was correct and is therefore affirmed.
ANSTEAD and WALDEN, JJ., concur.
NOTES
[1] The contract between Miller and Huber was consummated in 1983.
[2] Though not involved in this appeal, other counts alleged in Gans's amended complaint were for tortious interference with an advantageous business relationship and violation of Florida's antitrust law.