591 A.2d 730

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Jay C. SMITH, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 28, 1991.

Filed May 22, 1991.

Petition for Allowance of Appeal Granted
Sept. 20, 1991.

William Costopoulos, Lemoyne, for appellant.

Robert A. Graci, Deputy Atty. Gen., Harrisburg, for Com., appellee.

Before CAVANAUGH, McEWEN and MONTGOMERY, JJ.

CAVANAUGH, Judge:

Should all charges against appellant Jay C. Smith be dismissed and a retrial barred because of an alleged pattern of prosecutorial misconduct during trial and on appeal?

The history of the case, relevant to our present inquiry, may begin with the conviction of Smith by a jury of murder in the first degree for the killing of Susan Reinert and her two children Karen and Michael. At the penalty stage of the proceedings, the jury found two aggravating factors as to each case and no mitigating factors with the result that a death sentence was imposed as to each victim. Post-trial motions were heard and denied. Just before sentencing, a motion for a new trial was filed based on after discovered evidence citing alleged prosecutorial misconduct in failing to disclose a "deal" with a Commonwealth witness, Raymond Martray, who had testified at trial as to incriminating statements made by Smith while Martray and Smith were incarcerated together. The trial court, after hearing evidence relative to this motion, concluded that there was no after discovered evidence warranting a new trial and rejected Smith's motion. Smith was sentenced in accordance with the jury verdicts and the court later denied post-sentence motions to modify sentence.

Argument on appellant's automatic appeal to the supreme court was heard in May of 1988. Among the claims of error asserted on appeal was the denial of the Martray motion. Following argument before the supreme court, the attorney for the Commonwealth advised Smith's counsel of the discovery of five evidence collection devices known as rubber lifters, two of which contained a particle of sand

sized quartz. This disclosure inspired a motion on behalf of Smith in the supreme court wherein the case then resided. This motion sought vacation of the sentence and a bar to retrial on the basis of double jeopardy. The supreme court in response remanded for an evidentiary hearing on the issue. After hearing, the trial court denied Smith any relief and its findings and conclusions were forwarded to the supreme court, which on December 22, 1989 granted Smith a new trial on a basis other than the two motions discussed above (the "Martray motion" and the "lifters motion"). In view of the grant of a new trial, the court did not reach the Martray and lifters issues.

On remand, Smith filed a motion in the trial court reasserting his claim for double jeopardy relief to bar a retrial on the grounds of prosecutorial misconduct. The matter was assigned to Senior Judge Robert L. Walker. Judge Walker concluded that there were no double jeopardy violations under controlling interpretations of that doctrine and that at least inferentially the supreme court had already denied relief on these grounds since it had ordered a new trial and, therefore, may be presumed to have rejected any arguments in favor of relief which would bar a retrial. Nevertheless, the court refused to make a finding of frivolousness as to Smith's contentions which would have precluded an appeal from its order. *Commonwealth v. Brady*, 510 Pa. 336, 508 A.2d 286 (1986); *Commonwealth v. Gains*, 383 Pa.Super. 208, 556 A.2d 870 (1989). The present appeal is from Judge Walker's order which denied Smith any relief.

Initially, the Commonwealth interposes the argument that the double jeopardy motion asserted here has already been presented to and rejected by the supreme court. Indeed, it is argued that Smith, in his Martray motion, sought only a new trial and that having been granted a new trial, albeit on another ground, appellant has already received all the relief which he sought. Similarly, the Commonwealth argues that the lifters motion was also presented to the supreme court and in that instance, in fact, double jeopardy relief was sought.

In both instances the Commonwealth relies upon the substantive integrity of the supreme court opinion to the effect that if there were an argument which would merit relief in the form of barring a retrial, it would have been considered before the court reached those issues meriting a lesser relief in the form of a new trial. The Commonwealth's argument is further buttressed by the fact that the supreme court specifically referred to the lifter evidence in its decision and stated:

In view of our disposition, we need not consider this issue in determining whether a new trial should be granted. This evidence will now be available at a subsequent trial, and the jury will be given the opportunity to assess its import within the totality of the evidence presented.

*Commonwealth v. Smith*, 523 Pa. 577, 596 n. 8, 568 A.2d 600, 610 n. 8 (1989).

Thus, the implication is that if the remedy was discharge, rather than a new trial, the court would have addressed the issue as it did the potentially dispositive issue of the sufficiency of the evidence. Nevertheless, while we agree that supreme court opinions must be accorded the highest degree of deductive integrity, we are reluctant to conclude by inference that the important issue of a violation of double jeopardy rights has been considered and rejected. Moreover, the language quoted above, together with the summary deferral of the seventeen other issues (including the Martray issue) not reached [1], leads us to conclude that this case is similar to another case which is highly relevant to the issues at hand. In *Commonwealth v. Simons*, 514 Pa. 10, 522 A.2d 537 (1987), the issue of prosecutorial misconduct was argued on appeal in the context of seeking a new trial. After a remand and hearing on the issue, the trial court granted a new trial and then motions to dismiss on double jeopardy grounds were filed. Both this court and supreme court heard appeals from the denial of double jeopardy relief without finding waiver by reason of the previous adjudication.

1. *See,* 523 Pa. at 588 n. 6, 568 A.2d at 606 n. 6.

Having decided that the double jeopardy contention has not been already decided by the supreme court, we proceed to consider the merits of the appeal from Judge Walker's order denying relief. In *Commonwealth v. Simons, supra,* the supreme court after noting the parallel reach of the double jeopardy issue under federal and Pennsylvania law and the federal supreme court ruling in *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), concluded that:

> In light of the altered basis of *Starks,* we now declare that henceforth double jeopardy will attach only to those mistrials which have been intentionally caused by prosecutorial misconduct.

*Commonwealth v. Simons, Id.,* 514 Pa., at 16, 522 A.2d at 540.

On the face of it, the Martray and lifter evidence viewed separately or together, would not merit double jeopardy relief under the *Kennedy–Simons* standard since the essence of the Commonwealth's acts in each case was concealment rather than engaging in acts which were intended to provoke a mistrial. Recognizing this, appellant argues for an expansion of the narrow *Kennedy–Simons* standard to include as conduct meriting dismissal intentional prosecutorial misconduct which, if revealed at trial, would have caused a mistrial, but, in fact, was successfully concealed at trial. Judge Del Sole in this court and Judge Flaherty in the supreme court filed dissents in *Simons* which appealingly argued for a wider reading of the double jeopardy protection to reach instances where the prosecution misconduct is concealed from the defendant, thus negating any basis for concluding that there was an overt intention to provoke a mistrial. Appellant makes a compelling argument as to why dismissal relief should be available to the defendant who is victimized by undisclosed harassing prosecutorial action designed to obtain a conviction rather than overt action aimed at provoking a mistrial.

Separately, an argument is made that dismissal should be granted on the ground that the Commonwealth's conduct

was so outrageous that there has been an abridgement of appellant's right to due process, and, in effect, that a civilized society cannot permit retrial under such egregious circumstances. See *United States v. Russell*, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); *United States v. Driscoll*, 852 F.2d 84 (3d Cir.1988).

In order to grant the relief of dismissal, we would be required to expand the *Kennedy–Simons* interpretation of the double jeopardy doctrine or to recognize the existence of a due process right to be free from reprosecution when there has been concealed overreaching by the government. In either case, as an intermediate appellate court, the grant of the relief sought would entail the expansion of an existing doctrine (*Kennedy–Simons*) or the enunciation of a new precept of Pennsylvania law (bar of reprosecution because of due process infringement of defendant's rights), neither of which this court is empowered to do.[2] *Malinder v. Jenkins Elevator & Machine Co.*, 371 Pa.Super. 414, 538 A.2d 509 (1988); *DeFrancesco v. Western Pennsylvania Water Co.*, 329 Pa.Super. 508, 478 A.2d 1295 (1984); *Rambo v. Commissioner of Police*, 301 Pa.Super. 135, 447 A.2d 279 (1982); *Hillbrook Apartments v. Nyce Crete Co.*, 237 Pa.Super. 565, 352 A.2d 148 (1975); *Crowell Office Equipment v. Krug*, 213 Pa.Super. 261, 247 A.2d 657 (1968); *Beckham v. Travelers Insurance Co.*, 206 Pa.Super. 488, 214 A.2d 299 (1965).

In conclusion, we feel constrained to agree with Judge Walker who, in deciding the motion which is the subject matter of the present appeal, opined that he was bound by the majority opinion of higher court precedent and we, therefore, affirm the order of the trial court which on May 15, 1990 declined to dismiss charges on double jeopardy

---

**2.** In addition to the Martray and lifters claims, appellant cites two other instances of alleged prosecutorial misconduct, the grand jury presentment and negligent handling of evidence. Assuming the validity of these claims, our posture as to this court's empowerment to grant relief would be the same.

grounds due to prosecutorial misconduct.[3]

3. Both appellant and appellee have devoted large portions of their extensive briefs to a discussion of the alleged prosecutorial misconduct, primarily the matters of the Martray "deal" and the lifters discovery. We agree with Judge Walker's comment that "neither the Attorney General's Office nor the Pennsylvania State Police can take any great pride in the manner in which this case was handled [during trial and on appeal]". A review of the evidence at the hearing on both the Martray and lifters motions demonstrates that the Commonwealth took extraordinary steps to procure Martray's release and may have been instrumental in his being successful in avoiding part of his sentence from a previous offense. As to the lifter evidence, it appears that the reaction of the attorney general's office was to focus on possible charges against the witness who had disclosed the existence of the lifter evidence at trial rather than its duty to discover and to disclose the evidence to the defendant and the court (*See*, Memorandum of April 11, 1986 from trial attorney Guida to Robert Keuch, then Executive Deputy Attorney General).

Moreover, we have reviewed the orders which ensued after the trial court's separate hearings on the Martray and lifters motions (which were heard and decided prior to the double jeopardy motion before Judge Walker). Both orders were based in part on the theory that knowledge of the mischief, if any, on the part of the police or members of the attorney general's office was not brought home to or attributable to the prosecuting attorney or authorities in the attorney general's office at the crucial times, relevant to the claim of misconduct. The lack of individual scienter by a member of the prosecution's office, however, has been rejected as excusable error since the office is considered as an entity. *Commonwealth v. Simons, supra; Commonwealth v. Wallace*, 500 Pa. 270, 455 A.2d 1187 (1983).