**SHANGY'S INC.**

v.

**WILLIAM & SCOTT COMPANY.**

Civil A. No. 95–CV–5098.

United States District Court,
E.D. Pennsylvania.

March 1, 1996.

William K. Malkames, Malkames Law Offices, Allentown, PA, for Plaintiff.

David B. Snyder and Lisa A. Washington, Fox, Rothschild, O'Brien & Frankel, Philadelphia, PA, for Defendant.

### MEMORANDUM

JOYNER, District Judge.

Defendant, William & Scott Company, moves this Court to dismiss Plaintiff, Shangy's Inc.'s, Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering this Motion, we must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir.1990). Further, we must accept as true all of the allegations in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations. *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988).

The facts described in the Amended Complaint are as follows. Plaintiff is a licensed wholesale importing beer distributor for the State of Pennsylvania. In October, 1993, it entered into an exclusive Distributorship Agreement with Defendant, a contract brewer of beer in the State of California. In December, 1994, Defendant sent a written Notice of Cancellation to Plaintiff. This Notice was contested in January, 1995 by Plaintiff, which alleges that it was either in com-

pliance with the agreement or had rectified any alleged breach.

Defendant's act of terminating the agreement allegedly violates sections 4–431(d)(1) and 4–492(19) of Pennsylvania's Liquor Code, 47 Pa. Cons.Stat.Ann. §§ 1–101—9–902 (Supp.1995) as well as a common law claim of breach of contract.

## DISCUSSION

■ Defendant first moves to dismiss any claims that arise under the Liquor Code.[1] According to Defendant, there is ample authority that there is no private cause of action for a violation of the Liquor Code except in three very narrow situations, none of which apply here. In support of this contention, it cites to *Alfred M. Lutheran Distributors, Inc. v. A.P. Weilersbacher, Inc.*, 437 Pa.Super. 391, 650 A.2d 83 (1994), *app. denied*, 540 Pa. 627, 658 A.2d 791 (1995).

There, the Pennsylvania Superior Court undertook an extensive review of the Liquor Code and definitively held that the only private causes of action under the Liquor Code are (1) an injunction action under section 4–431(d)(4), (2) a forfeiture action under sections 6–601 and 6–602 and (3) an abatement action under section 6–611. 650 A.2d at 88. This case has been relied on by this Court on at least two occasions. *Shangy's Inc. v. August Schell Brewing Co.*, No. 95–5095, slip. op. (E.D.Pa. Jan. 3, 1996); *L & M Beverage Co. v. Guinness Import Co.*, No. 94–4492, 1995 WL 771113 (E.D.Pa. Dec. 29, 1995).

Defendant's argument is that although Plaintiff asserts rights under section 4–431, because the action does not seek an injunction, it cannot stand. Plaintiff's argument is limited to distinguishing Defendant's cited caselaw. We find that, in fact, there is no private cause of action, other than for an injunction, under sections 4–431(d) and 4–492(19) of the Liquor Code. *Lutheran Distributors*, 650 A.2d at 88; *August Schell*, slip. op. at 5; *L & M Beverage*, slip op. at 7. For that reason, this portion of Defendant's Motion is GRANTED.

Next, Defendant contends that Plaintiff does not have a common law breach of contract action for several reasons. First, it argues that Plaintiff has not cited any terms of the allegedly breached agreement and that in fact, the agreement could be terminated at will. Defendant maintains that for this reason, no breach of contract action can stand. *Goldinger v. Boron Oil Co.*, 375 F.Supp. 400, 412 (W.D.Pa.1974), *quoting Cummings v. Kelling Nut Co.*, 368 Pa. 448, 84 A.2d 323, 325 (1951) (contract with no termination date is terminable at will), *aff'd*, 511 F.2d 1393 (3d Cir.), *cert. denied*, 423 U.S. 834, 96 S.Ct. 59, 46 L.Ed.2d 52 (1975).

Second, Defendant argues that Plaintiff's Complaint is inadequate because it does not allege that Plaintiff took the remedial action required by the Liquor Code to prevent a termination of the agreement for cause. Finally, Defendant contends that the Liquor Code supersedes any common law actions. This argument is based on the holding in *Lutheran Distributors* that only three private causes of action exist under the Liquor Code. 650 A.2d at 88.

■ We find that Plaintiff's breach of contract claim can go forward. Plaintiff has adequately stated a claim under the federal rules by alleging that it was in compliance with the agreement or had rectified any breaches. Further detail is not required to enable Defendant to form a response to the Amended Complaint and if it is, a motion under Fed.R.Civ.P. 12(e) can be made. In addition, Defendant's affirmative defense of an at will termination contract is not so apparent from the face of the pleadings to justify a dismissal. This is especially so given the comprehensive regulation of the parties by the Liquor Code and the fact that the cases cited by Defendant were decided before the relevant provisions of the Liquor Code were enacted. Finally, we find that the Liquor Code does not preclude common law causes of action. *Lutheran Distributors*, 650 A.2d at 91; *August Schell*, slip op. at 4 (common law breach of contract claim survives motion to dismiss); *L & M Beverage*,

---

1. It is unclear from both the Amended Complaint and from Plaintiff's opposing Memorandum of Law whether Plaintiff actually intends to assert a direct claim under the Liquor Code. We shall assume that it does and address the merits of such a claim.

slip op. at 8 (Liquor Code "does not supplant common law remedies.").

For the above reasons, therefore, we find that Plaintiff has stated a claim for which relief can be granted under a common law breach of contract theory.

An appropriate Order follows.

## ORDER

AND NOW, this 1st day of March, 1996, upon consideration of Defendant's Motion to Dismiss Plaintiff's Amended Complaint (doc. no. 12) and responses thereto, the Motion is hereby GRANTED in PART and DENIED in PART. In accordance with the attached Memorandum, the Motion is hereby GRANTED in that any claim brought directly under Pennsylvania's Liquor Code is hereby DISMISSED. The Motion is hereby DENIED in all other respects. Further, Defendant's Motion to Dismiss Plaintiff's Complaint (doc. no. 4) and Defendant's Substituted Motion to Dismiss Plaintiff's Complaint (doc. no. 8) are hereby DENIED as MOOT.