J-A10010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MIMI INVESTORS, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL K. TUFANO, DAVID CROCKER, | : | |
| DENNIS CRONIN, AND NEIL | : | |
| MATHESON | : | No. 1168 EDA 2020 |
| | : | |
| Appellants | : | |

Appeal from the Order Dated January 8, 2020
In the Court of Common Pleas of Bucks County
Civil Division at No(s):  2016-00834

BEFORE:   PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    Filed: November 5, 2021

This matter is before us after we granted a petition for review of the trial court's interlocutory order overruling preliminary objections filed by Paul Tufano, David Crocker, Neil Matheson and Dennis Cronin, who were directors and/or officers ("Directors and Officers") of a now-defunct data storage company, ORCA Steel, LLC ("ORCA Steel"). Mimi Investors, LLC ("Mimi Investors") invested in ORCA Steel and later sued the Directors and Officers, alleging in an amended complaint that the Directors and Officers had made material misrepresentations in violation of the common law as well as Section 1-401 of the Pennsylvania Securities Act, 70 P.S. § 101 *et seq*. The Directors

_____

[*] Retired Senior Judge assigned to the Superior Court.

and Officers filed preliminary objections in the nature of a demurrer on the basis that Mimi Investors was required to plead scienter, *i.e.* that the Directors and Officers had intended to defraud Mimi Investors, and had failed to do so. The trial court overruled those preliminary objections, and we granted the Directors and Officers' petition to review the court's order. We now affirm, as the trial court's overruling of the preliminary objections did not constitute either an error of law or an abuse of discretion.

As the Directors and Officers filed preliminary objections in the nature of a demurrer, the only facts at issue are those averred in the amended complaint, which must be accepted as true. **See Weiley v. Albert Einstein Medical Center,** 51 A.3d 202, 208 (Pa. Super. 2012) (stating that when ruling on preliminary objections in the nature of a demurrer, the court must consider only the pleading, and all material facts in the pleading must be accepted as true).[1] In its amended complaint, Mimi Investors maintained that the Directors and Officers held a presentation in February 2014 for potential investors. **See** Verified Amended Complaint, 9/17/19, at ¶ 21. At that presentation, the Directors and Officers represented that Steel ORCA had received more than 400 orders for computer data storage space in its newly-

---

[1] Mimi Investors filed an initial complaint on February 9, 2016. The Directors and Officers filed preliminary objections to that complaint, which the trial court overruled. Mimi Investors then filed a petition for leave to file an amended complaint on April 3, 2019. The trial court granted that petition, and Mimi Investors filed its amended complaint on September 17, 2019, which is the complaint at issue in this appeal.

constructed data center and was about to close on a loan to fund new construction. *See id*. at ¶¶ 21, 32. The Directors and Officers further stated that Steel ORCA needed promissory notes from Mimi Investors and others to increase capital and secure financing in order to service the new orders. *See id*. at ¶ 22.

Mimi Investors asserted that it agreed to loan Steel ORCA $500,000 and that the loan was evidenced by a promissory note. *See id*. at ¶¶ 10, 11. The promissory note provided that Mimi Investors would be given securities in 865 Ridge Road ORCA, LLC, an affiliated entity of Steel ORCA, in exchange for Mimi Investors' assignment of the promissory note to 865 Ridge Road ORCA. *See id*. at ¶ 12. Mimi Investors maintained that neither the construction financing nor the fulfillment of the new orders ever materialized. *See id*. at ¶¶ 24, 34. It further claimed in its amended complaint that Steel ORCA filed for bankruptcy and defaulted on the loan. *See id*. at ¶¶ 7, 13, 15, 16.

Mimi Investors also alleged that on October 21, 2014, the Directors and Officers represented to Mimi Investors that the Directors and Officers had actually known for months that the loan to fund the new construction was not viable because the orders received by Steel ORCA were not investment grade. *See id*. at ¶ 25. According to Mimi Investors, the misrepresentations regarding construction financing and committed orders were material and untrue within the meaning of the Pennsylvania Securities Act. *See id*. at ¶ 26. Mimi investors further alleged that it had relied upon those misrepresentations

in deciding to make the loan in exchange for the securities. ***See id***. at ¶¶ 27, 35.

Based on these averments, Mimi Investors raised two claims in its amended complaint: common law material misrepresentation and material misrepresentation or omission under Section 1-401 of the Pennsylvania Securities Act, which provides:

> It is unlawful for any person, in connection with the offer, sale or purchase of any security in this State, directly or indirectly:
>
> (a) To employ any device, scheme or artifice to defraud;
>
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or
>
> (c) To engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

70 P.S. § 1-401.

The Directors and Officers filed preliminary objections in the nature of a demurrer to the amended complaint, arguing, among other things, that Mimi Investors was required to plead scienter and had not done so in its amended complaint. ***See*** Defendants' Preliminary Objections to Plaintiff's Amended Complaint, at ¶¶ 16, 17, 26, 27, 29-32, 33. The trial court issued an order on January 13, 2020, overruling those preliminary objections. As the order was interlocutory, the Directors and Officers asked the trial court to certify its January 13, 2020 order for appeal. When the trial court did not take any

action, the Directors and Officers filed a petition for review with this Court pursuant to Chapter 15 of the Pennsylvania Rules of Appellate Procedure.

This Court issued an order granting the petition and advising the parties that "[t]his matter shall proceed before this Court as an appeal from the [trial court's] order entered January 13, 2020." Superior Court *Per Curiam* Order, 45 EDM 2020, 6/8/20. The Directors and Officers filed a Notice of Appeal and complied with the trial court's directive to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, raising the following two issues:

1. The Trial Court erred by holding that [Mimi Investors] could proceed with its claim for violation of the Pennsylvania Securities Act of 1972, 70 P.L. § 1-401, without pleading or establishing that [the Directors and Officers] acted with intent to defraud.

2. The Trial Court erred by holding that [Mimi Investors] could proceed with its claim for "common law misrepresentation" in connection with the sale or purchase of a security.

Concise Statement of Errors Complained of on Appeal, 6/24/20, at 1.

In addressing the first claim in its Pa.R.A.P. 1925(a) opinion, the trial court noted that both parties highlighted the fact that, although the federal courts had considered the issue of whether Section 1-401 requires scienter, the Pennsylvania appellate courts had not. The trial court then stated:

> The elements of 70 P.L. § 1-401 are as follows: (1) [the d]efendant made misstatements or omissions of material fact, (2) with scienter, (3) in connection with a purchase or sale of securities, (4) upon which [the] plaintiff relied, and 5) the [p]laintiff's reliance caused injury. In its amended complaint, [Mimi Investors] succinctly avers the above elements. [Mimi Investors] loaned [Directors and Officers] $500,000 to increase [Directors and Officers'] capital and help [them] secure financing in order to service more than 400 new [orders] for computer data

- 5 -

storage. However, [Directors and Officers] had actually known for months that the loan to fund the construction was not viable because the orders Steel ORCA had received were not investment grade. [Mimi Investors] relied on [Directors and Officers'] misrepresentation and this reliance caused [Mimi Investors] to lose $500,000. Based on [Mimi Investors'] amended complaint and the lack of [Pennsylvania] state court case law interpreting 70 P.L. section 1-401, it is not free and clear from doubt that the law would not permit recovery by [Mimi Investors].

Trial Court Opinion, 11/10/20, at 6-7. Based on these same facts, the trial court then went on to find that it "is not free and clear from doubt that the law would not permit recovery by [Mimi Investors] for common law misrepresentation." **See id**. at 8.

On appeal, the Directors and Officers argue that in order to make out a sufficient claim under Section 1-401, Mimi Investors must prove scienter, that is, that the Directors and Officers intended to defraud Mimi Investors. As noted by the trial court, the Directors and Officers acknowledge that our state appellate courts have not considered this issue. **See** Appellants' Brief, at 14. However, the Directors and Officers maintain that Section 1-401 is modeled after the corresponding federal regulation, 17 C.F.R. 240.10b-5 ("Rule 10b-5"), which the United States Supreme Court has held requires a plaintiff to allege and prove scienter in connection with securities fraud claims. **See Ernst v. Hochfelder**, 425 U.S. 185, 206 (1976). The Directors and Officers point out that several federal courts interpreting Section 1-401 have found that section to be the functional state equivalent of Rule 10b-5 and therefore

to likewise require scienter. ***See*** Appellant's Brief at 16-17 (collating cases). They argue this Court should follow suit.

In response, Mimi Investors argues that it is not required to plead and prove scienter to make out a *prima facie* case pursuant to Section 1-401. To that end, Mimi Investors asserts that the plain text of Section 1-401 does not include scienter as an element. Moreover, although Mimi Investors acknowledges that federal courts have interpreted Section 1-401 to be nearly identical to Rule 10b-5, Mimi Investors maintains that Section 1-401 is actually textually distinct from Rule 10b-5 because unlike Rule 10b-5, Section 1-401 does not include "such terms of art such as 'manipulative' and 'deceptive' in the context of 'devices and contrivances.'" Appellee's Brief at 6-7. Mimi Investors points out the General Assembly used these terms in other parts of the Pennsylvania Securities Act and asserts that the General Assembly's omission of these terms from Section 1-401 shows its intent not to require scienter in that particular section.

Despite these arguments lodged by the parties, which address the underlying question of whether Section 1-401 requires scienter, we must be mindful of the specific question that is before this Court. This Court granted the petition for review and instructed the parties that the matter would proceed as if it was an appeal from the trial court's January 13, 2020 order, which overruled the Directors and Officers' preliminary objections. As such, the proper lens through which we must view this appeal is whether the trial

court erred or abused its discretion in overruling the preliminary objections. *See Weiley,* 51 A.3d at 208 (citation omitted) ("This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion.") It is the parties' arguments themselves, when considered in light of the standard for ruling on preliminary objections in the nature of a demurrer, that demonstrate that the trial court did neither.

As the trial court made abundantly clear, preliminary objections which result in the dismissal of a claim may be sustained only in cases that are clear and free from doubt. *See Burgoyne v. Pinecrest Community Association*, 924 A.2d 675, 679 (Pa. Super. 2007). "To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred." *Id*. (citation omitted). As such, "the question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *Weiley*, 51 A.3d at 208-209.

Applying that standard, the trial court essentially concluded that, given the "lack of [Pennsylvania] state court case law interpreting" Section 1-401 and that the court was not bound by federal court decisions that had done so, the law did not state with certainty that Mimi Investors could not recover under Section 1-401. Trial Court Opinion, 11/10/20, at 6, 7.

Moreover, even if it were clear that scienter was required under Section 1-401, we can find no error in the trial court's determination that Mimi Investors had sufficiently pleaded that element in its amended complaint. "Pennsylvania is a fact-pleading state." **Catanzaro v. Pennell**, 238 A.3d 504, 507 (Pa. Super. 2020) (citation omitted). As such, a plaintiff asserting a claim of fraud must plead specific facts to support the allegation of fraud. **See Presbyterian Medical Center v. Budd**, 832 A.2d 1066, 1072 (Pa. Super. 2003). To satisfy this requirement, Mimi Investors was required to "adequately explain the nature of the claim to" the Directors and Officers so as to permit them "to prepare a defense." **Id**. at 1072-73. The pleading must also be sufficiently specific to convince the court that the allegation of fraud is not mere subterfuge. **See id**.

In the amended complaint, Mimi Investors alleged it had loaned ORCA Steel $500,000 in order to service more than 400 new orders for computer data storage. **See** Amended Complaint, 9/17/19, at ¶ 21. Further, Mimi Investors alleged that the Directors and Officers had actually known that the loan to fund new construction was not viable because the orders Steel ORCA had received were not investment grade. **See id**. at ¶ 25. These allegations are sufficient to explain the nature of Mimi Investor's fraud allegation: that the orders for data storage were not investment grade and that Directors and

Officers failed to convey this information to Mimi Investors in a timely fashion.[2] The Directors and Officers therefore have the opportunity to prepare a defense. Finally, the allegations are sufficiently specific to allow us to agree with the trial court that the fraud allegation is not mere subterfuge.

As such, we cannot say that the trial court either committed an error of law or abused its discretion in overruling the preliminary objections. In order to sustain the preliminary objections, the trial court would have had to find that the law says with certainty, and therefore is clear and free from doubt, that Mimi Investors could not recover under Section 1-401. As the Directors and Officers concede, our state appellate courts have not resolved the issue. Further, even if the Directors and Officers are correct, Mimi Investors has pleaded facts sufficient to satisfy the requirements of particularity in Pennsylvania law. Under these circumstances, the law is simply not clear and free from doubt that dismissal is appropriate, which must be the case in order to sustain preliminary objections in the nature of a demurrer.

Next, the Directors and Officers assert the trial court erred by overruling their preliminary objection to Mimi Investors' common law material

---

[2] We acknowledge that the timing of when the Directors and Officers became aware of this fact could be legally relevant if scienter is indeed required under the law. However, the pleadings are sufficient, if supported by competent evidence, to allow a fact-finder to infer that the Directors and Officers were aware of the misrepresentation at the time the promissory note was executed. Any deficiencies in the evidence to support these allegations may be addressed in a motion for summary judgment or at trial.

misrepresentation claim. This argument is essentially the same argument we addressed above. The Directors and Officers once again argue that Mimi Investors failed to plead scienter, which the Directors and Officers believe is required when asserting a claim for common law material misrepresentation. They also assert that Mimi Investors failed to plead scienter with sufficient particularity.

The Directors and Officers, however, pay scant attention to the common law claim in their brief and merely assert that their analysis regarding the Section 1-401 claim applies to the common law claim.[3] This lack of development is especially problematic in light of the fact that causes of action created by a statute are categorically distinct from causes of action arising under the common law. *See Alfred M. Lutheran Distributors, Inc. v. A.P. Weilersbacher, Inc.*, 650 A.2d 83, 92 (Pa. Super. 1994). Indeed, it is well established that even when a statute does not create a cause of action, a

---

[3] The Directors and Officers also question whether a common law material misrepresentation claim even exists. Their entire argument supporting their question in this regard is found in a footnote, which states that they "have not found a published case that successfully alleges 'common law material misrepresentation' without pleading one of the distinct causes of action for misrepresentation - intentional, negligent, or innocent misrepresentation - each of which have their own specific elements and burdens of proof." Appellants' Brief at 19 n.4. This is not a properly developed argument. *See* Pa.R.A.P. 2119(a). While the Directors and Officers augment their argument slightly in their reply brief, *see* Appellants' Reply Brief at 12-13, it remains an underdeveloped argument and the note to Pa.R.A.P. 2113, which governs reply briefs, makes clear that reply briefs cannot address matters previously addressed in the appellant's principal brief. *See* Note to Pa.R.A.P. 2113.

common law cause of action can sometimes be levied based upon a violation of that statute. ***See id***. Under these circumstances, it is arguable that the claim is waived for failure to properly develop it. ***See*** Pa.R.A.P. 2119(a).

Even if the claim was not waived, we would find that the trial court did not err or abuse its discretion by overruling the preliminary objections to the common law count. In explaining why it had overruled the Directors and Officers' preliminary objection to the common law count, the trial court stated:

> In order to satisfy a claim for fraud, [Mimi Investors] must show the following elements: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with intent of misleading another into relying it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. ***Youndt v. First Nat'l Bank***, 868 A.2d 539, 545 (Pa. Super. 2005).
>
> ...
>
> [The Directors and Officers] made a material representation that Steel ORCA had received more than 400 orders for computer data storage space in its newly-constructed [data] center and imbedded in that representation was that the loan to fund the new construction was not viable because the orders Steel ORCA had received were not investment grade. [Mimi Investors] allege that [the Directors and Officers] made the representation falsely, with knowledge of its falsity or recklessness as to whether it is true or false with intent of misleading [Mimi Investors] to rely on it. On February 24, 2014, [Mimi Investors] made [a loan] to Steel ORCA in the amount of $500,000 as a result of [the Directors and Officers'] material representation.
>
> Based on [Mimi Investors'] amended complaint, it is not free and clear from doubt that the law would not permit recovery by [Mimi Investors] for common law misrepresentation.

Trial Court Opinion at 7-8.

- 12 -

We see no error or abuse of discretion in the court's conclusion, and the Directors and Officers' skeletal argument regarding the common law claim does not convince us otherwise.

In sum, we granted the Directors and Officers' petition to review in this case and stated that we would treat this matter as an appeal from the trial court's order overruling the Directors and Officers' preliminary objections to Mimi Investors' claims of material misrepresentation under Section 1-401 and the common law. In doing so, we must look to see if the trial court made an error of law or abused its discretion. Given that the law is not clear and free from doubt regarding claims of material misrepresentation, we conclude that the trial court did not commit an error of law or abuse its discretion by overruling the preliminary objections.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/21